UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KARLA MARIE PITZER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-2297-JPH-CSW |
| | ) | |
| PKA LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING *IN FORMA PAUPERIS* STATUS AND SCREENING COMPLAINT**

**I.**
**Granting *In Forma Pauperis* Status**

Plaintiff Karla Pitzer's motion to proceed *in forma pauperis*, dkt. [7], is **GRANTED**. *See* 28 U.S.C. § 1915(a). While *in forma pauperis* status allows Ms. Pitzer to proceed without prepaying the filing fee, she remains liable for the full fees. *Ross v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees."). No payment is due at this time.

**II.**
**Screening**

**A. Screening Standard**

The Court has the inherent authority to screen Ms. Pitzer's complaint. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). The Court may dismiss claims within a

complaint that fail to state a claim upon which relief may be granted. *See id.* In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal:

> [The] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

**B. The Complaint**

Ms. Pitzer alleges that PKA LLC, a McDonald's franchisee that formerly employed her, engaged in a variety of "bad business practices." Dkt. 1 at 5. The allegations include PKA's alleged reuse of discarded food-service items, use of counterfeit bills as change, and collaboration with international terrorist groups and drug cartels to harass its employees. *Id.* Ms. Pitzer attributes her resignation from PKA's McDonald's franchise to her managers' alleged verbal abuse and refusal to allow for breaks to accommodate her thyroid nodule. *Id.* She seeks $2 million in damages and for PKA to return the restaurant's keys to the McDonald's Corporation. *Id.*

**C. Discussion of Claims**

Although Ms. Pitzer does not explicitly raise a federal question in the complaint,[1] the Court must "look[] past the surface allegations to make its own assessment of what law the claim arises under." *International Armor & Limousine Co. v. Moloney Coachbuilders, Inc.*, 272 F.3d 912, 915 (7th Cir. 2001). Ms. Pitzer's factual allegations as to her employment conditions and her thyroid condition, dkt. 1, may raise two federal claims to support federal question jurisdiction: a hostile work environment claim under the ADA and a failure to accommodate claim under the ADA. The complaint nonetheless fails to state a claim for which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Both of Ms. Pitzer's ADA claims fail because she did not exhaust her administrative remedies available through the EEOC. *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992). If Ms. Pitzer presented her claims to the EEOC before filing this case but simply failed to include that allegation in her complaint, she may file an amended complaint saying so.

The remaining allegations regarding PKA's allegedly wide-spanning "bad business practices" cannot survive because they do not present a "story that holds together" about how Ms. Pitzer was injured by those alleged practices. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

---

[1] Although Ms. Pitzer suggests that PKA is Puerto Rican company, dkt. 1, this Court cannot exercise diversity jurisdiction over this case. "For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). Ms. Pitzer's complaint fails to identify the citizenship status of PKA's members; the only addresses provided are for PKA's places of business in Indiana. Dkt. 1. The complaint must therefore contain a federal question to support subject-matter jurisdiction.

The complaint therefore must be dismissed for failure to state a claim because it does not "state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**III.**
**Conclusion**

Ms. Pitzer's motion to proceed *in forma pauperis* is **GRANTED**. Dkt. [7].

Ms. Pitzer's complaint is **DISMISSED without prejudice.** Dkt. [1].

Ms. Pitzer **SHALL HAVE through November 30, 2026,** to file an amended complaint. The **Clerk is directed** to provide Ms. Miller with a blank civil rights complaint form.

An amended complaint should in essence tell the Court who did what when. The amended complaint will completely replace the complaint filed at docket 1 and must conform to the following guidelines:

1. the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . .;"
2. the amended complaint must include a demand for the relief sought;
3. the amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury; and
4. the amended complaint must include the case number referenced in the caption of this Order, 1:26-cv-2297-JPH-CSW and have the words "Amended Complaint" on the first page.

If an amended complaint is filed as directed, it will also be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above and final judgment entered without further notice.

**SO ORDERED.**

Date: 11/18/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KARLA MARIE
PITZER 313 Watson
Lane Apt. E
Greenwood, IN 46143